UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------- X
BRICKLAYERS INSURANCE AND                          :
WELFARE FUND, BRICKLAYERS PENSION                  :      **MEMORANDUM**
FUND, BRICKLAYERS SUPPLEMENTAL                     :      **DECISION AND ORDER**
ANNUITY FUND, BRICKLAYERS AND                      :
TROWEL TRADES INTERNATIONAL                        :      20-cv-998 (BMC)
PENSION FUND, NEW YORK CITY AND                    :
LONG ISLAND JOINT APPRENTICESHIP                   :
AND TRAINING FUND, INTERNATIONAL                   :
MASONRY INSTITUTE, and JACK ARGILA,[1]             :
in his fiduciary capacity as Administrator and     :
Chairman of Trustees, BRICKLAYERS LOCAL            :
1, INTERNATIONAL UNION OF                          :
BRICKLAYERS AND ALLIED CRAFT                       :
WORKERS, and BRICKLAYERS LABOR                     :
MANAGEMENT COMMITTEE,                              :
                                                   :
                              Plaintiffs,          :
                                                   :
                 - against –                       :
                                                   :
SHELBOURNE CONSTRUCTION CORP., and                 :
DAVID O'BRIEN,                                     :
                                                   :
                              Defendants.          :
---------------------------------------------------------- X

**COGAN**, District Judge.

This is an action brought by union benefits funds and their sponsoring union for unpaid

employee benefit fund contributions and unremitted dues checkoffs against a participating

employer.  Before me is plaintiffs' motion for a default judgment.  The Clerk having entered

defendants' default for failure to appear, plaintiffs have moved for a default judgment.  The

motion is granted.

---

[1] The Clerk is directed to substitute Jack Argila, the new Chairman of the plaintiff funds' Board of Trustees, in place
of the prior Chairman, Jeremiah Sullivan, in the caption of the case.

## BACKGROUND

Defendant Shelbourne Construction Corp. is a party to a collective bargaining agreement ("CBA") with the International Union of Bricklayers & Allied Craft Workers Local No. 1 of New York ("Local 1"), and the Bricklayers Labor Management Committee ("LMC") (collectively the "Union").[2]  As is standard, the CBA required Shelbourne to make monthly contributions to plaintiffs as part of its obligations to union employees; to deduct and remit union dues from its employees' paychecks; and to file written reports showing on a monthly basis the number of union employees it had working and their hours.  As is also standard, the CBA corresponds to certain trust agreements to which plaintiffs and Shelbourne are parties. Defendant O'Brien is the principal of Shelbourne.

An audit of Shelbourne's books and records, as permitted by the agreements between the parties, shows that the employer failed to make $129,047.96 in benefit contributions and other dues owed to the funds for the period from January 1, 2017 to September 30, 2018.

Plaintiffs' complaint alleges claims under section 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), *as amended*, 29 U.S.C. § 1145; section 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185, to collect delinquent employer contributions; and state law claims over which I have supplemental jurisdiction. Defendants failed to respond to the summons and complaint despite valid service.  Accordingly, the Clerk of Court noted their default upon the record, and thereafter, plaintiffs moved for entry

---

[2] The record does not contain a signature page showing that Shelbourne signed on to the CBA.  However, the record shows that Shelbourne submitted to an audit by the plaintiff funds and paid some of the contributions for its employees at the rates prescribed in the CBA. This is sufficient to show that Shelbourne is bound by the CBA. See Brown v. C. Volante Corp., 194 F.3d 351, 354-55 (2d Cir. 1999).

of a default judgment, providing detailed proof of their damage calculation.  Defendants have

failed to oppose the motion for a default judgment.

## DISCUSSION

In light of defendants' default in this case, all of the well-pleaded allegations in plaintiffs'

complaint pertaining to liability are deemed true.  See Greyhound Exhibitgroup, Inc. v. E.L.U.L.

Realty Corp., 973 F.2d 155, 159 (2d Cir. 1992).  However, "[e]ven when a default judgment is

warranted based on a party's failure to defend, the allegations in the complaint with respect to

the amount of the damages are not deemed true."  Credit Lyonnais Sec. (USA), Inc. v. Alcantara,

183 F.3d 151, 155 (2d Cir. 1999).  Federal Rule of Civil Procedure 55(b)(2) provides that when

granting default judgment, a court may conduct a hearing if it is necessary to "determine the

amount of damages" or to "establish the truth of any allegation by evidence."  The Second

Circuit has held that it is not necessary to conduct a hearing if a district court has "ensured that

there was a basis for the damages specified in the default judgment," such as by relying on

detailed affidavits and documentary evidence.  See Transatlantic Marine Claims Agency, Inc. v.

Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997) (internal quotation marks and citations

omitted).

Of course, the allegations in the complaint must be adequate to show a defendant's

liability.  See Greyhound Exhibitgroup, Inc., 973 F.2d at 158.  Here, as shown in the Background

of the case set forth above, they are.  Plaintiffs have amply alleged defendants' contractual

obligation to make contributions to the benefit plans and remit deductions, as well as defendants'

failure to make payments.

Plaintiffs have provided detailed calculations from the audit showing how much each

defendant owes.  They differ as to each defendant, as O'Brien is only responsible for amounts

3

that should have been deducted from employees' paychecks, whereas Shelbourne is responsible for all amounts that it was required to pay under the CBA and attendant agreements, whether deductions from employees' paychecks or not.  The calculations show that Shelbourne owes $115,368.77 in contributions, and other amounts payable under the agreement of $13,679.19, for a total of $129,047.96.

There are a few other elements of documented damages.  The CBA provides for 10% interest per annum against Shelbourne for unpaid contributions and unremitted wage deductions.  To calculate how much Shelbourne owes in interest, we must multiply the principal owed by Shelbourne by the annual interest rate and divide that amount by 365.  This amounts to a daily rate of $35.36.  In ERISA cases, courts "routinely calculate prejudgment interest from a midpoint date in the delinquency period."  See Taaffe v. Life Ins. Co. of N. Am., 769 F. Supp. 2d 530, 538 (S.D.N.Y. 2011).  Since the delinquency period lasted from January 1, 2017 until September 30, 2018, the midpoint date of this 638-day period is November 16, 2017.  Thus, I calculate that Shelbourne owes $36,880.48 in interest.[3]

The CBA also provides for liquidated damages amounting to 20% of the unpaid contributions in the event of litigation.  Plaintiffs are therefore entitled to liquidated damages in the amount of $23,073.75.

Furthermore, O'Brien is responsible for $17,814.85 for amounts deducted from employee wages.  He also owes an additional $57,279.06 for adjusted contributions for unreported hours, and $12,959.99 in dues checkoffs.  These amounts total $88,053.90.

---

[3] $35.36 times 1,043 (the number of days between November 16, 2017 and the date of judgment).  See Alston v. Northstar La Guardia, LLC, No. 10-cv-3611, 2010 WL 3432307, at *4 (S.D.N.Y. Sept. 2, 2010) (stating prejudgment interest is calculated from the midpoint date in the delinquency period until the entry of judgment).

Lastly, plaintiffs are entitled to recover the $400 filing fee as costs for this action.  <u>See</u> 29 U.S.C. § 1132(g)(2)(D).

**CONCLUSION**

Plaintiffs' motion for a default judgment [18] is granted.  The Clerk is directed to enter judgment in favor of plaintiffs and against defendant Shelbourne in the amount of $189,402.19, and against defendant O'Brien in the amount of $88,053.90.

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
      September 24, 2020